Juan G. Ribot, Appellant, *v.* The Registrar of Property of San Germán, Respondent.

No. O-68-141.    Decided February 9, 1970.

*Luis López de Victoria* for appellant. The respondent Registrar appeared by brief.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

By public deed No. 67, executed in Yauco, on April 17, 1967, before Notary Luis López de Victoria, Estrella Rodríguez widow of Gaudín and 15 children of her deceased husband, sold to appellant Juan G. Ribot, a rural property of 93 cuerdas located in the ward Indiera Baja of the Municipality of Maricao, previously recorded in the San Germán Section of the Registry of Property, in the name of the vendors, according to its entry No. 21, property No. 891, of that municipality.

In said sale, three of those children named Rosa Julia, Alba, and Carlos Alberto Gaudín Rodríguez, were represented by Alejandro Gaudín Rodríguez, their brother, who also appeared as vendor.

The deed of sale with several complementary documents having been presented in the Registry of Property, recording thereof was denied by two separate notes which read thus:

"The registration to which the foregoing instrument refers is denied because it has been noted that the area of the property, according to the Registry, is of 93.06 cds. and that the instrument describes it with an area of 93.00 cds., that is, a reduction of 6 hundredths of a cuerda, which makes us assume that a segregation from the property has been performed without it being in any manner established that it had been approved by the P.R. Planning Board, and instead, the proper cautionary notice is entered for the legal term in favor of the vendee, at folio 24 of volume 40 of Maricao, property No. 891, quadruplicate, note letter A. San Germán, April 23, 1968.

"It is also stated as part of the foregoing notice, that the recording was also denied as to the participations of Rosa Julia, Alba, Leonor, and Carlos A., surnamed Gaudín, in the property, because the powers of Alejandro Gaudín to appear as attorney in fact of said co-owners have not been established, since in the

Deed of Protocolization of Power No. 124 accompanying it no power is granted to said Alejandro Gaudín to sell in the name of the said co-owners, the shares of joint ownerships they claim to have in said property. Date *Ut Supra.*"

In this appeal the vendee maintains that the respondent Registrar erred (1) when he considered that the property sold appears recorded with an area of 93.06 cuerdas and not 93.00 cuerdas as it appears in the deed of sale; (2) in assuming that six hundredths of a cuerda have been segregated from the property sold, and (3) in considering that in the instrument of power of attorney executed by Rosa Julia, Alba, and Carlos Alberto, the agent was not granted the power to sell their shares.

We agree with appellant. Both cautionary notices lack legal reasons and the deed of sale should be recorded without any defects.

I

Of that property No. 891, twenty-one entries have been performed. As it appears from the registrar's certificate attached to the record, its literal description thereof, according to its tenth entry, performed on May 29, 1925, that is to say, *17 years prior to the creation of the Puerto Rico Planning Board*, is as follows:

"10th—RURAL: Body of land located in the ward of Indiera Baja, in the Municipality of Maricao, with a house and other buildings, which was composed of *eighty-six cuerdas*, and according to a subsequent survey, it turned out to have an area of *ninety-three six hundredths cuerdas*, whose description appears in the first, fifth, and eighth preceding entries, at folios two hundred forty-four, two hundred forty-seven on back, and two hundred and fifty on back, respectively, of volume twenty-two of Maricao, it being equal to the one made in the instrument now presented, *but with the difference that in the latter it is stated that according to said survey recently performed, this property turned out to have an area of ninety-three cuerdas,* equivalent

to thirty-six hectares, fifty-five ares, twenty-six centiares, and twenty-seven milliares." (Italics ours.)

It can be noted that on the first survey performed of the property, no information at all is given of its date, but of the second and last survey which brought forth a precise area of ninety-three cuerdas, it is stated in the registry that it was "recently performed," in other words, in 1924 or in 1925.

After the second survey, the exact area of 93 cuerdas was never changed or altered as a result of any subsequent survey and such situation appears from the above-mentioned registry certificate issued on June 18, 1968, in the following terms:

"Second: That subsequent to said *tenth entry* there does not appear from the Registry any entry to show *that as a consequence of any survey* there has been any entry which alters or modifies the surface area of the property." (Italics ours.)

■ The area of 93.06 cuerdas which by mere statements of individuals or of assistant judicial officers could have been assigned to the property on subsequent recordings, notices, or cancellations of entries of attachment, without basis or the support of any survey, cannot give rise to the registrar's inference to the effect that a segregation of a portion of six hundredths of a cuerda of the property had been performed sometime.

If the second and last survey, according to the registry itself, gave an exact area of 93 cuerdas, if there has been no change or alteration in the property boundaries, the proper thing to do was to describe it with the correct area, result of the 1925 survey which, according to the registry itself, appears to be the last survey.

The attendant circumstances in the cases of *Rodríguez* v. *Registrar*, 66 P.R.R. 729, 731 (1946), and *Mari* v. *Registrar*, 72 P.R.R. 830, 833 (1951), cited by the registrar in his brief, do not present any analogy with those of the present appeal. We have studied them carefully; therein there were registry

showings which were used as solid grounds to make the rational inference of the existence of former segregations performed on the fringe of the applicable statutes and regulations which prohibited the recording. Here, the area attributed to the property in the deed of sale is the same set forth in the registry, invested with more guarantee.

## II

The vendor in the sale was composed of the following persons: the widow of the deceased Gaudín, Estrella Rodríguez; her children (1) Alejandro, (2) César Augusto, (3) Rosa Julia, (4) Carlos Alberto, (5) Alba, (6) Annie, (7) Antonia, (8) María Victoria, and (9) Nilda Estrella, surnamed Gaudín Rodríguez; (10) Juany, (11) Emilia, (12) Angélica, (13) Cecilia, (14) María, and (15) Juan, surnamed Gaudín Casiano.

Of these fifteen children, Alejandro, María Victoria, and Nilda Estrella Gaudín Rodríguez, and Juany Gaudín Casiano, appear together with the widow of Gaudín in person and by their own right.

All of the Gaudín Rodríguez brothers and sisters who did not appear in person to the sale, granted power of attorney to Alejandro Gaudín Rodríguez; and the brother and sisters Gaudín Casiano who did not appear granted power to Juany Gaudín Casiano, to sell their respective shares.

The several powers of attorney presented to the registry were mainly executed in the city of Chicago, and protocolized through several public deeds in the city of Ponce. It seems that some of the powers of attorney were drafted with more success than others. But it is undeniable that the evident intention of the groups of constituent coheirs was to transfer their particular joint ownerships in the only common rural property they owned in the Municipality of Maricao.

The terms of the agency of Rosa Julia, Alba, and Carlos Alberto Gaudín granted to their brother Alejandro, resident of Ponce, written in English, are the following:

"KNOW ALL MEN BY THESE PRESENTS.—That we, Rosa Julia . Gaudín, Alba Gaudín, Leonor R. Gaudín,[1] and Carlos A. Gaudín, of the City of Chicago, County of Cook in the State of Illinois, have made, constituted, and appointed, and BY THESE PRESENTS do make, constitute, and appoint ALEJANDRO GAUDÍN, of the City of Ponce, County of ———— and State of Puerto Rico, true and lawful Attorney for ourselves and in our names place and stead to grant, bargain, and sell any and all interest we and each of us may have in a certain farm located in Maricao, Puerto Rico, which farm belongs to Estrella Ro. vda. Gaudín, giving and granting unto Alejandro Gaudín said attorney full power and authority to do and perform all and every act and thing whatsoever, requisite and necessary to be done in and about the premises, as fully, to all intents and purposes as we, ourselves might or could do if personally present at the doing thereof, with full power of substitution and revocation, hereby ratifying and confirming all that our said attorney or her substitute shall lawfully do or cause to be done by virtue hereof."

In the light of this text, the powers granted to sell all the interest the principals might have are precise, express, and sufficient. Now then, what did not turn out to be identified or described with commendable precision, is the property to which they referred.

They refer to the property as "certain farm located in Maricao, Puerto Rico, which farm belongs to Estrella Ro. vda. Gaudín."

The agency was written by Notary Bernard J. Browe, of Chicago. We cannot assert that he followed a proposal or minute of power of attorney prepared in Puerto Rico for registry purposes.

---

[1] It might have been noted that in his complementary note the registrar referred also to Leonor, as principal. However, the aforementioned registry certificate reveals that she had no recorded interest over the property.

That notwithstanding, it granted accessory powers to the agent which enable him to identify in the public deed in which the sale of their shares was performed here, the property over which they had their joint ownerships. On the dates when the power was executed, the three brothers and sisters had recorded shares in the property object of the sale, as it appears from its entry No. 21, as the respondent registrar certified:

"That in the name of Rosa Julia, Alba, and Carlos A., surnamed Gaudín Rodríguez, there does not appear recorded, within the Municipality of Maricao, any other property or share in addition to the above-mentioned in the preceding Third Fact."

On the other hand in order to be sufficient the agency did not, necessarily, have to set forth with exact details the particular property or real rights which would be the object thereof. It was sufficient for registry purposes that, in general terms, it would refer to shares or interests over the principals' immovable property located in the Municipality of Maricao, Puerto Rico, which were recorded herein in their favor, and that the final deed of sale be executed following the provisions of Art. 9 of the Mortgage Law and Art. 75 of its Regulations.

Although the phrase "which farm belongs to Estrella Ro. vda. Gaudín" was not entirely correct, it impliedly indicated, somehow, the property of 93 cuerdas sold, which was the only property in the Municipality of Maricao, of which they appeared as co-owners in the registry.

Though we have repeatedly emphasized the restrictive view which governs the matter of interpretation of agency, in this administrative appeal we think that the registrar erred when he denied the recording of the sale of said shares on the ground of insufficiency of the mentioned agency, it being, above all, a sale of the totality of a rural family property

performed with the mutual agreement of all joint-owners of record of the community.

Wherefore, the notes appealed from will be reversed and the corresponding registration of the sale in regard to said shares will be ordered.